# In the United States Court of Federal Claims

MARIIA DEMIANCHENKO
VLADIMIR DEMIANCHENKO

**Plaintiff(s),**

**v.**

**THE UNITED STATES,**

**Defendant.**

**Case No.** 24-1432 C

**Judge** ____________________

## COMPLAINT

1. **JURISDICTION.** State the grounds for filing this case in the United States Court of Federal Claims. The United States Court of Federal Claims has limited jurisdiction (*see* e.g., 28 U.S.C. §§ 1491-1509).

1. This action is brought under the Tucker Act, 28 U.S.C. § 1491, which grants this Court jurisdiction to hear claims for monetary damages against the United States Government, including claims for breach of implied contract and unjust enrichment.

2. The jurisdiction of this Court is proper because Plaintiffs' claims arise from a breach of an implied contract between the United States (through the Department of Health and Human Services and the Health Resources and Services Administration) and Laborant LLC, a company owned by Plaintiffs, which has resulted in direct personal financial losses to Plaintiffs as owners.

2. **PARTIES**

Plaintiff, MARIIA DEMIANCHENKO, resides at 12165 LAKE HOUSE LN
(Street Address)

PARKLAND, FL, 33076, 7869098823
(City, State, ZIP Code) (Telephone Number)

If more than one plaintiff, provide the same information for each plaintiff below.

VLADIMIR DEMIANCHENKO, RESIDES AT 12165 LAKE HOUSE LN, PARKLAND, FL, 33076, 9547784888

Received – USCFC
SEP 13 2024

3. **PREVIOUS LAWSUITS.** Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? ☐ Yes ☑ No

If yes, please list cases:

4. **STATEMENT OF THE CLAIM.** State as briefly as possible the facts of your case. Describe how the United States is involved. You must state exactly what the United States did, or failed to do, that has caused you to initiate this legal action. Be as specific as possible and use additional paper as necessary.

1. In response to the COVID-19 pandemic, the Health Resources and Services Administration (HRSA) created the COVID-19 Uninsured Program to reimburse healthcare providers for testing uninsured individuals.

2. Laborant LLC, owned by Plaintiffs, participated in this program as an approved provider.

3. During the Public Health Emergency (PHE) for COVID-19, Laborant LLC provided COVID-19 testing services to uninsured patients in full compliance with all program requirements (Exhibit A).

4. At the time the services were rendered, HRSA operated under a 365-day claim submission deadline for reimbursement (Exhibit B).

5. However, on March 15, 2022, HRSA unilaterally and retroactively changed the claim submission deadline to 7 days, applying it retroactively to services that were already provided in December 2021, January 2022, and February 2022 — the period during the most significant surge of COVID-19 infections. As a result, of the approximately 20,000 tests conducted, 9,152 tests remain unpaid.

6. The total value of the services provided by Laborant LLC is $2,384,962.00.

7. In January 2023, Plaintiffs sent a written request to HRSA demanding payment for the services rendered. Despite this, HRSA failed to act promptly.

8. As a direct result of HRSA's refusal to compensate Laborant LLC, Plaintiffs, as the sole owners of the company, have suffered significant personal financial losses. Plaintiffs were forced to deplete their personal savings, use their accumulated financial reserves, take on personal loans, and damage their personal credit ratings in an effort to sustain the business and meet its financial obligations.

9.The income generated by Laborant LLC represented the primary source of revenue for Plaintiffs' household, and the failure of the government to fulfill its obligations under the implied contract has directly impacted Plaintiffs' personal financial well-being.

10. In 2023, HHS launched a similar program under the CDC, known as the CDC Increasing Community Access to Testing (ICATT) Program, which is also funded by the government and aims to provide COVID-19 testing for uninsured individuals.

11. HRSA, according to a Government Accountability Office (GAO) report, had sufficient funds available to pay outstanding claims under the HRSA COVID-19 Uninsured Program but chose not to do so.

12. Furthermore, the GAO report (Exhibit C) indicates that HRSA improperly disbursed more than $2 billion, of which only $1.2 billion has been recovered. This failure to properly manage funds, combined with HHS and HRSA's refusal to compensate Plaintiffs for services rendered, has directly contributed to the financial hardships experienced by Plaintiffs.

13. Plaintiffs, as owners of Laborant LLC, bring this action against the United States, acting through the Department of Health and Human Services (HHS) and HRSA, for breach of implied contract, unjust enrichment, and violation of legal principles prohibiting the retroactive application of laws.

CLAIMS

14. Breach of Implied Contract: An implied contract existed between Laborant LLC and the government, under which Laborant LLC provided services with the expectation of reimbursement based on the original 365-day claim submission deadline. The retroactive change to a 7-day deadline resulted in a refusal to pay for services already rendered, causing significant financial losses to the Plaintiffs.

15. Unjust Enrichment: The United States has been unjustly enriched by receiving the benefit of services provided by Laborant LLC without compensating for them. As a result, Plaintiffs were forced to use personal funds to sustain the business, leading to personal financial harm.

16. Violation of the Prohibition on Retroactive Application of Laws: The retroactive enforcement of the 7-day deadline violated Plaintiffs' reasonable expectations under the original 365-day rule, leading to personal financial losses and damaging Plaintiffs' financial well-being.

**5. RELIEF.** Briefly state exactly what you want the court to do for you.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment in favor of Plaintiffs and award Plaintiffs $2,384,962.00 for services rendered under the COVID-19 Uninsured Program, representing the full value of the services provided by Laborant LLC, which remains unpaid by HRSA;

B. Award prejudgment interest on the unpaid amount of $2,384,962.00, from the date payment was due until the date of judgment, in an amount to be determined by the Court;

C. Award Plaintiffs damages for lost profits over a period of two years, based on the gross profit of Laborant LLC for 2022, which was $2,376,384, as reported in the company's 1120-S form for that year;

D. Award Plaintiffs compensation of interest for personal loans taken to sustain the business. As of the present time, the total amount of interest has exceeded $65,000 and continues to grow;

E. Award Plaintiffs damages for additional financial losses, including depletion of savings, damage to personal credit ratings, and related financial harm;

F. Grant any other relief that the Court deems just and equitable.

Signed this 9 (day) day of September (month), 2024 (year).

Signature of Plaintiff(s)