IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARIIA DEMIANCHENKO,<br>VLADIMIR DEMIANCHENKO<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 24-1432 C<br>(Chief Judge Kaplan) |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 7(b) and 83.1(a)(3) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully moves to dismiss this matter without prejudice because plaintiffs, Mariia and Vladimir Demianchenko, may not appear pro se on behalf of Laborant LLC, a corporation.

BACKGROUND

In the complaint, the Demianchenkos assert claims for breach of contract and unjust enrichment. Compl., ECF 1 at 1 ¶ 1 ; *id.* at 3 ¶¶ 14-16. They bring this action "as owners of Laborant LLC[.]" *Id.* at 3 ¶ 13. Specifically, the Demianchenkos allege that the United States, through the Department of Health and Human Services, Health Resources and Services Administration (HRSA), breached a contract between HRSA and Laborant. *Id*. As grounds for the breach of contract claim, the Demianchenkos allege that Laborant provided testing services to uninsured individuals under a "COVID-19 Uninsured Program" for which HRSA has not paid Laborant in full. *Id.* at 2 ¶¶ 1-2; *id*. at 3 ¶ 14. And the Demianchenkos further allege that because Laborant was not paid, they — "as the sole owners of [Laborant]" — have suffered significant personal financial losses. *Id.* at 2 ¶¶ 8-9. The Demianchenkos further assert that HRSA's alleged failure to meet its obligations makes it so the United States has been "unjustly enriched by receiving

the benefit of services provided by Laborant LLC without compensating for them." *Id.* at 3 ¶ 15. As relief, the Demianchenkos seek more than $2 million for "services rendered under the COVID-19 Uninsured Program, representing the full value of the services provided by Laborant LLC," prejudgment interest, lost profits based on Laborant's 2022 gross profit, compensation for the personal loans the Demianchenkos took out, and damages for other alleged financial losses. *Id.* at 3.

ARGUMENT

The Demianchenkos are proceeding *pro se.* Although the Demianchenkos name themselves as plaintiffs, they do not allege that they held a contract with the Government. ECF 1 at 1 ¶ 2. Rather, the Demianchenkos allege the existence of a contract between their limited liability company and the Government, *id.*, and have brought this complaint for breach of contract, unjust enrichment, and procedural violations on behalf of the company that they own, Laborant LLC. *See id* at 3 ¶ 13 (alleging that they have filed the complaint "as the owners of Laborant LLC").[1] As an LLC, however, Laborant is "'an autonomous legal entity, separate and distinct from its members', . . . with its own rights, possessions, and obligations." *Inskeep v. Baccus Glob., LLC*, No. 20-cv-82127, 2024 WL 416357 at *22 (S.D. Fla. Feb. 5, 2024) (quoting *Palma v. S. Fla. Pulmonary & Critical Care, LLC*, 307 So. 3d 860, 866 (Fla. 3d DCA 2020)). Thus, the Demianchenkos are seeking to represent Laborant and do so acting *pro se*.

Pursuant to the RCFC 83.1(a)(3), however, an individual who is not an attorney may not represent a corporate entity before this Court. *See also Talasila. Inc. v. United States*, 240 F.3d 1064, 1066 (Fed. Cir. 2001) (holding that corporate entity must be represented by counsel in order to pursue its claim against the United States in the Court of Federal Claims). As the Supreme Court has recognized, "[i]t has been the law for the better part of two centuries, for example, that a

[1] Through this motion, the Government does not concede the viability of any of the claims asserted in the complaint, and we reserve the right to move to dismiss the complaint under RCFC 12(b)(1) and/or (12)(b)(6) should the complaint survive this motion to dismiss.

corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (internal citations omitted). The Supreme Court has further explained that "the rationale for that rule applies equally to all artificial entities." *Id.* And this means that, "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654,[2] providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Id.* (internal citations omitted).

Thus, the Demianchenkos may not proceed to represent their company *pro se*, and this case must be dismissed without prejudice. This is true even though the complaint is written in such a way that the Demianchenkos purport to bring this breach of contract suit derivatively as the sole owners of their company, *see* Compl., ECF No. 1 at ¶ 2, because construing a claim as a shareholder claim "does not relieve plaintiff[] of the obligation to obtain counsel." *Page v. United States*, 49 Fed. Cl. 521, 528-29 (2001). Rather, "[t]o maintain a shareholder derivative action in this court, a shareholder must be represented by counsel." *Id.* Accordingly, Ms. and Mr. Demianchenko cannot maintain this suit *pro se*, and the case should be dismissed without prejudice. *Id.*

---

[2] 28 U.S.C. § 1654 provides, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

s/Corinne A. Niosi____
CORINNE A. NIOSI
Assistant Director

s/Brittney M. Welch___
BRITTNEY M. WELCH
Trial Attorney
United States Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 480 | Ben Franklin Station
Washington, DC 20044
(202) 616-3753
brittney.welch@usdoj.gov

November 7, 2024

*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 7 day of November, 2024, I caused to be placed in the United States mail (first-class, postage prepaid), a copy of a "MOTION TO DISMISS" addressed as follows:

MARIIA DEMIANCHEKO
VLADIMIR DEMIANCHEKO
12165 Lake House Ln
Parkland, FL 33076

/s/ Brittney M. Welch